HALE *v.* KNAPP.[1]

1. REAL-ESTATE AGENTS—SERVICES AND EXPENSES—LIABILITY OF PURCHASER.

A real-estate agent cannot recover from a prospective purchaser, in the absence of a contract to that effect, for his services and expenses in showing the buyer property which he has been employed to sell by the owner.

2. SAME—EVIDENCE—ILLEGAL CHARGES—INSTRUCTIONS.

Where a real-estate agent sued a prospective purchaser for services consisting of several items, one of which was for services and expenses in showing him the property, an instruction that such item was illegal, and that the jury might consider its character in determining whether the other items were legitimate, was not error.

3. TRIAL—INSTRUCTIONS—PREPONDERANCE OF EVIDENCE—HARMLESS ERROR.

An instruction that plaintiff must have a *clear* preponderance of evidence, although improper, was not prejudicial, where the court said that that did not mean that he must produce the greater number of witnesses, but that the testimony of his witnesses must have the greater weight, and that, if the evidence was evenly balanced, the verdict must be for defendant, because plaintiff must establish his case by "a preponderance of the evidence."

Error to Benzie; Chittenden, J. Submitted October 12, 1903. (Docket No. 104.) Decided November 3, 1903.

*Assumpsit* by Leo F. Hale against Myron A. Knapp for services rendered. From a judgment for plaintiff for less than the amount claimed, he brings error. Affirmed.

Plaintiff was a real-estate agent in the village of Frankfort. The defendant was a manufacturer residing in Chicago. Plaintiff advertised two sawmills for sale. Defendant saw the advertisement, and opened a correspondence in regard

---

[1] Rehearing denied March 15, 1904.

to them.   One was situated at Frankfort, the other at
Mesick.   At the request of plaintiff, defendant went with
him to Mesick to see the property there, but refused to
buy it.   The citizens of Frankfort were anxious to get
defendant's manufactory located at that place.   Plaintiff,
with others, interested himself in the negotiations.   Defend-
ant finally located at Frankfort.   Plaintiff then rendered
a bill to defendant for $250 for services in procuring the
location.   The bill was not itemized.   Defendant denied
liability, except for some services which he had specially
requested plaintiff to perform.   Plaintiff kept no memo-
randum of his services.   Upon defendant's refusal to recog-
nize liability, plaintiff brought suit.   The bill of particu-
lars sets up 35 items, running from July 5th to November
22d, amounting to $503.87.   The case was submitted to a
jury, who rendered a verdict for the plaintiff for $39.15.
Plaintiff alleges error.

*Louisell & Nevius*, for appellant.

*D. G. F. Warner*, for appellee.

GRANT, J. (*after stating the facts*).   The principal
assignments of error relate to the charge of the court.
Counsel assert that the charge was "argumentative, con-
tradictory, inconsistent, and unduly emphasized the theory
of the defense."   We have carefully examined the charge,
and do not consider it subject to this criticism.   The issues
were fairly submitted to the jury.   Among the items was
one for $25 for a day's trip with defendant to Mesick to see
the property of which plaintiff had the sale for other par-
ties, and another item of expense in going and coming.
The court instructed the jury to reject these items, and we
think correctly.   He instructed them that, these items
being illegal and no claim against the defendant, they had
a right to take them into consideration in determining
whether the other items in the bill of particulars were
legitimate or not.   We do not think this was error, in

view of the character of the claim for services in going with defendant to see the property at Mesick.

In one portion of his instruction the court said that the plaintiff must have a clear preponderance of evidence. Standing by itself, this, as we have held, would be error; but the court, near the close of his instructions, explained to the jury what he meant, in the following language:

"That does not mean that he must produce before you the greater number of witnesses, but that the testimony of the witnesses he does produce must carry greater weight with you—have more convincing force—than the other. In other words, if the testimony is, in your judgment, evenly balanced, your verdict must be for the defendant, because the plaintiff must establish his case by a preponderance of the evidence."

Under this instruction we think there was no prejudicial error.

Counsel allege error upon some remarks of counsel for defendant in his argument to the jury. We are not prepared to say that they were not justified by the evidence.

Several questions are raised upon the admission and rejection of testimony. We find no error in them, and do not regard them of sufficient importance to the profession to merit discussion.

The judgment is affirmed.

The other Justices concurred.